UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KEVIN ARRINDELL,                     CASE NO.:

      Plaintiff,

vs.

TURNING POINT HOMES,
INC., A GEORGIA
CORPORATION,

      Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KEVIN ARRINDELL, by and through the undersigned attorney, sues the Defendant, TURNING POINT HOMES, INC., a Georgia Corporation, and alleges:

1. Plaintiff was an employee of Defendant and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2. Plaintiff was a day rate and hourly paid employee working as a direct care worker for Defendant from approximately November 2013 to December 2014.

3. Plaintiff worked for Defendant in DeKalb County, Georgia.

4. Defendant, TURNING POINT HOMES, INC., is a Georgia Corporation that operates and conducts business in DeKalb County, Georgia and is therefore, within the jurisdiction of this Court.

5. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

6. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

7. During Plaintiff's employment with Defendant, Defendant earned more than $500,000.00 per year in gross sales.

8. During Plaintiff's employment with Defendant, Defendant employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

9. Included in such goods, materials and supplies were medical supplies, cooking equipment and food, computers and other items which originated from outside the state of Georgia.

10. Therefore, Defendant is an enterprise covered by the FLSA, and as

defined by 29 U.S.C. §203(r) and 203(s).

## FLSA VIOLATIONS

11. At all times relevant to this action, Defendant failed to comply with the FLSA by failing to pay Plaintiff overtime compensation for overtime hours worked.

12. Specifically, Defendant would primarily pay Plaintiff a day rate for his work performed.

13. Pursuant to the FLSA, day-rate paid employees are entitled to overtime compensation for overtime hours worked. *See* 29 C.F.R. § 778.112.

14. Additionally, for work performed at a different facility, Defendant would only pay Plaintiff $8 per hour for all hours worked. Attached as Exhibit A are two paystubs which show Plaintiff being paid a day-rate and also paid by the hour for some hours.

15. During his employment with Defendant, Plaintiff routinely worked overtime hours.

16. Plaintiff typically worked 24 hour shifts and typically worked from Wednesday to Monday morning on 24 hour shifts at the group home.

17. Even though Plaintiff routinely worked overtime hours each week, Plaintiff was not paid any overtime compensation in addition to the regular pay

he received each pay period.

18.     Prior to this lawsuit, Plaintiff and his counsel contacted Defendant via a demand letter in an effort to resolve this matter, but Defendant failed to respond to the letter.

19.     Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

## RECOVERY OF OVERTIME COMPENSATION

20.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-19 above.

21.     Plaintiff was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

22.     During his employment with Defendant, Plaintiff worked overtime hours but was not paid overtime compensation in addition to his regular pay for the overtime hours worked.  *See* ¶¶ 11-17.

23.     Defendant did not have a good faith reason for its decision to not pay overtime compensation to Plaintiff for overtime hours worked.

24.     As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff overtime compensation, Plaintiff has suffered damages

plus incurring reasonable attorneys' fees and costs.

25. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

26. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, KEVIN ARRINDELL, demands judgment against Defendant for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 30th day of June, 2015.

/s/ C. RYAN MORGAN
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
Email:    RMorgan@forthepeople.com
*Attorneys for Plaintiff*